QUINN EMANUEL URQUHART & SULLIVAN, LLP
Evan Boetticher
evanboetticher@quinnemanuel.com
Bar No: 274377
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Dr. Robert L. Roe*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ***In Re Subpoena to Dr. Robert L. Roe***<br><br>Served in related case:<br><br>*Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc.*, 18-cv-03632 (D.N.J.) | Misc. Case No. 20-MC-_____<br><br>**NON-PARTY DR. ROBERT L. ROE'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA FOR DEPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH** |

Case No. 20-mc-_____
DR. ROBERT L. ROE'S MOTION TO QUASH SUBPOENA

## TABLE OF CONTENTS

I. NOTICE OF RELATED CASE ........................................................................................ 1
II. INTRODUCTION ........................................................................................................... 1
III. FACTUAL BACKGROUND .......................................................................................... 1
IV. ARGUMENT .................................................................................................................. 2
    A. Legal Standard ................................................................................................... 2
    B. The Subpoena Served Upon Dr. Roe is Defective ............................................ 4
    C. A Deposition Would Impose Undue Burdens on Dr. Roe ................................ 4
V. CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

Page

### Cases

*Agincourt Gaming, LLC v. Zynga, Inc.*,
    2014 WL 4079555 (D. Nev. Aug. 15, 2014) ..................................................................3

*Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*,
    2016 WL 3162218 (N.D. Cal. June 7, 2016) ..................................................................4

*Black v. Wrigley*,
    2019 WL 2717212 (S.D. Cal. June 28, 2019) .................................................................3

*Cone v. Vortens*,
    2018 WL 295417 (E.D. Tex. Jan. 4, 2018) ...................................................................3-4

*Hard Drive Prods. v. Does 1-33*,
    2012 WL 6082695 (N.D. Cal. Dec. 6, 2012) .................................................................3-4

*Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*,
    649 F.2d 646 (9th Cir. 1980) .........................................................................................3

*Gonzales v. Google., Inc.*,
    234 F.R.D. 674 (N.D. Cal. 2006) ..................................................................................3-4

*HP Tuners, LLC v. Sykes-Bonnett*,
    2018 WL 10398219 (W.D. Wash. Nov. 28, 2018) ........................................................3

*In re: Subpoena Upon NeJame Law, P.A.*,
    2016 WL 1599831 (M.D. Fla. Apr. 21, 2016) ..............................................................3

*In re Subpoena to Goldberg*,
    693 F. Supp. 2d 81 (D.D.C. 2010) ................................................................................5

*U.S. E.E.O.C. v. Pinal Cty.*,
    714 F. Supp. 2d 1073 (S.D. Cal. 2010) .........................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. NOTICE OF RELATED CASE

This case stems from a patent infringement lawsuit filed by Corcept Therapeutics, Inc. ("Corcept") against Teva Pharmaceuticals USA, Inc. ("Teva") in the District of New Jersey. *See Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 18-cv-3632 (D.N.J.) ("the New Jersey Action").

## II. INTRODUCTION

Teva has issued an improper subpoena to Robert L. Roe, M.D. ("Dr. Roe"), a third-party in the New Jersey Action. Dr. Roe is a medical doctor and former of President of Corcept, a pharmaceutical company headquartered in Menlo Park, California. Dr. Roe is 79 years old, currently retired, and he resides in Palo Alto, within 100 miles of this Court. Despite this, Teva served a subpoena upon Dr. Roe that would require this 79 year old gentleman to travel nearly 3000 miles—in the midst of a global pandemic—to sit for a deposition in Washington, D.C. Dr. Roe does not maintain a residence in Washington, D.C., he is not employed there, nor does he regularly transact business in the District. Federal Rule of Civil Procedure 45(d) is very clear—"[a court] ***must*** quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added). This mandatory language necessitates a finding that Teva's subpoena is defective, and Dr. Roe therefore respectfully requests that it be quashed.

Even if the subpoena were modified to request Dr. Roe's deposition via remote means or within the geographical limits specified in Rule 45(c), it would still impose an undue burden or Dr. Roe and his wife. Mrs. Roe suffered a stroke this past July and now requires around-the-clock care. Dr. Roe is his wife's only caregiver. If forced to sit for a deposition, Dr. Roe would have to hire a third party to care for his wife. In light of their age and the pandemic, it would be unduly burdensome to ask the Roe's to let a third party into their home to accommodate the subpoena, especially considering that the sought-after discovery can be obtained through far less burdensome means.

## III. FACTUAL BACKGROUND

On August 31, 2020, Teva served a deposition subpoena on Dr. Roe, through his counsel. *See* Roe Declaration at ¶ 5 (and Ex. A thereto). The subpoena issued from the District of New Jersey,

-1-                         Case No. 20-mc-_____
ROBERT L. ROE'S MOTION TO QUASH SUBPOENA

where the New Jersey Action involving Corcept and Teva is pending. The subpoena commands Dr. Roe to appear for deposition on September 15, 2020 at the law offices of Sterne, Kessler, Goldstein & Fox PLLC, which is located at 1100 New York Avenue in Washington, D.C. *See id.*

The New Jersey Action is a patent-infringement suit involving four patents. Dr. Roe, a former employee of Corcept, is a third-party to the New Jersey Action. Dr. Roe is one of three co-inventors on just one of the patents asserted in the New Jersey Action. The parties refer to this patent as "the '216 patent." One of Dr. Roe's co-inventors (Ms. Caroline Loewy) has already been deposed in the New Jersey Action. Dr. Roe's other co-inventor (Dr. Joseph Belanoff) will be deposed in the New Jersey Action next month. Corcept has also agreed to provide corporate testimony pursuant to Fed. R. Civ. P. 30(b)(6) on over one dozen discrete topics related to the subject matter of the '216 patent. In contrast, Dr. Roe has no documents or other materials relating to his work at Corcept and has been retired for several years.

As explained in his Declaration filed concurrently herewith, Dr. Roe has no current plans to travel to Washington, D.C., nor does he intend to given his age, family obligations, and the coronavirus pandemic. *See generally* Roe Declaration. Dr. Roe is 79 years old, he retired from Corcept in 2013, and he currently resides in Palo Alto, California. *See id.* at ¶¶ 2-3. He owns no property in Washington, D.C., and he does not regularly conduct business there. To the contrary, he has not been to the District in the past decade. *Id.* at ¶ 4. Moreover, Dr. Roe is the sole caregiver for his wife, who suffered a stroke in July 2020. *Id.* at ¶ 6. Mrs. Roe requires around-the-clock care. *Id.* If forced to sit for a deposition—even one that took place in his own home—Dr. Roe would have to hire a qualified person to care for his wife. *Id.* In view of their age and the pandemic, Dr. Roe does not want a third-party to enter his home to care for Mrs. Roe.

## IV. ARGUMENT

### A. Legal Standard

Under Rule 45(d)(3)(A), "the court for the district where compliance is required must quash or modify a subpoena that … requires a person to comply beyond the geographical limits specified in Rule

45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii).[1] Pursuant to Rule 45(c), a non-party may only be commanded to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). "Rule 45(d) is very clear—[a court] *must* quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." *Cone v. Vortens, Inc.*, No. 4:17-CV-00001, 2018 WL 295417, at *2 (E.D. Tex. Jan. 4, 2018) (emphasis original) (internal quotation omitted). As such, Courts both within this District and beyond its borders routinely quash subpoenas that command a third-party to sit for deposition beyond the geographical limits set forth in Rule 45(c). *See, e.g.*, *Hard Drive Prods. v. Does 1-33*, No. 11-03827, 2012 WL 6082695, at *2 (N.D. Cal. Dec. 6, 2012) (finding deposition subpoena "defective" and holding that it "must be quashed" where it required third party to sit for deposition 125 miles from his home); *In re: Subpoena Upon NeJame Law, P.A.*, No. 6:16-MC-8, 2016 WL 1599831, at *4 (M.D. Fla. Apr. 21, 2016) ("The subpoena is subject to being modified or quashed because it requires compliance beyond the 100 mile geographic limit established by Rule 45(c)(2)(A).").

Pursuant to Rule 45(d)(3)(A), the court "must" also quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). It is indeed well-recognized in the Ninth Circuit that the protections afforded under the Federal Rules of Civil Procedure are heightened where a non-party is subject to discovery. *See, e.g.*, *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery.") (citation omitted); *Gonzales v. Google., Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006) ("[A] court may

---

[1] Although the subpoena served upon Dr. Roe commands him to appear for deposition in Washington, D.C., "the 'district where compliance is required' has been defined as the location of the subpoenaed person or entity, in keeping with Rule 45's purpose of protecting local nonparties and resolving disputes locally." *Black v. Wrigley*, No. 18-CV-2367, 2019 WL 1877070, at *5 (S.D. Cal. Apr. 26, 2019); *see also, e.g.*, *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) ("Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person"); *HP Tuners, LLC v. Sykes-Bonnett*, No. 3:17-CV-05760, 2018 WL 10398219, at *2 (W.D. Wash. Nov. 28, 2018) ("this Court issued the subpoena to Bobbie Cannata. However, the district where Ms. Cannata resides—and thus the district where compliance is required—is the District of Nevada.").

modify or quash a subpoena even for relevant information if it finds that there is an undue burden on the non-party. Undue burden to the non-party is evaluated under both Rule 26 and Rule 45.").

The special limitations for subpoenas set forth in Rule 45 are in addition to the general limitations on "the scope of discovery permitted under Rule 26(b)." *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016). Thus, the court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

These principles require that the subpoena served upon Dr. Roe be quashed.

**B.     The Subpoena Served Upon Dr. Roe is Defective**

The subpoena served upon Dr. Roe is defective and should be quashed on this basis alone. "Rule 45(d) is very clear" and contains "mandatory language" that requires a district court to quash a subpoena that commands "a person to comply beyond the geographical limits specified in Rule 45(c)." *Cone*, 2018 WL 295417, at *2. The subpoena issued to Dr. Roe would require him to travel almost 3000 miles from his home in Palo Alto to Washington, D.C., a place in which Dr. Roe maintains no residence, is not employed, and has not visited in over 12 years. Courts in this District have quashed subpoenas that have commanded third parties to travel just twenty-five miles outside the geographical limits specified in Rule 45(c). *See, e.g., Hard Drive Prods.*, 2012 WL 6082695, at *2. Dr. Roe should not be forced to travel thousands of miles from his home during the midst of a pandemic in response to Teva's defective subpoena.

**C.     A Deposition Would Impose Undue Burdens on Dr. Roe**

Even if the subpoena were to be modified to request that Dr. Roe's deposition take place within 100 miles of his home (or even within Dr. Roe's home via remote means), it would still impose undue burdens. As explained above, both Dr. Roe and his wife are nearly 80 years old. Mrs. Roe recently had a stroke, which now requires Dr. Roe to provide around-the-clock care for his wife. If Dr. Roe were required to sit for a deposition—even within his own home—he would have to hire a qualified, third-party to care for his wife during that time. In light of his age and the coronavirus pandemic, Dr. Roe does not want any third parties to enter his home, nor does he want to leave his wife unattended—she

cannot care for herself—for hours at a time so that he can be deposed in litigation in which he is not a party.

Dr. Roe should not have to make this choice. All of the discovery that Teva might hope to obtain from Dr. Roe can readily be obtained from other sources. Teva has already deposed one of Dr. Roe's two co-inventors and it will have the opportunity to depose the other next month. Teva will also obtain corporate testimony from Corcept pursuant to Rule 30(b)(6) regarding over **one dozen** discrete topics that relate to the subject matter of the '216 patent. In other words, any additional testimony to be obtained from Dr. Roe would merely be cumulative. Indeed, Dr. Roe has been retired for several years and does not have any documents or other information relating to his work at Corcept.

Courts routinely quash third party deposition subpoenas that impose burdens on their recipients and seek testimony that can be obtained from the parties. *See, e.g., U.S. E.E.O.C. v. Pinal Cty.*, 714 F. Supp. 2d 1073, 1078 (S.D. Cal. 2010) (quashing third-party deposition subpoena where the testimony sought was "cumulative or duplicative to the information" produced in the underlying litigation); *In re Subpoena to Goldberg*, 693 F. Supp. 2d 81, 87 (D.D.C. 2010) (quashing third-party deposition subpoena where testimony sought "will only produce evidence that is 'unreasonably cumulative or duplicative.'"). That same outcome is warranted here.

V. **CONCLUSION**

For the foregoing reasons, Dr. Roe respectfully requests that the Court quash the subpoena.

DATED: September 14, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Evan Boetticher
*Attorney for Nonparty Robert L. Roe, M.D.*

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Robert L. Roe, M.D. ("Dr. Roe") will and hereby does move the Court at a time and before a judge to be determined by the Clerk of the United States District Court for the Northern District of California for an Order quashing the subpoena served upon him by Teva Pharmaceuticals USA, Inc. ("Teva") in the matter of *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 18-cv-3632 (D.N.J.) ("the New Jersey Action").

Dr. Roe is a third party in the New Jersey action and resides in Palo Alto, California, within 100 miles of this Court. The subpoena requires Dr. Roe to appear for a deposition nearly 3000 miles from his home, in the midst of a pandemic, in Washington, D.C. Dr. Roe therefore respectfully requests that the Court quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(ii).

Dr. Roe also respectfully requests that the subpoena be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv). Both Dr. Roe and his wife are nearly 80 years old. Mrs. Roe unfortunately suffered a stroke this past July and requires around-the-clock care. Even if the subpoena were modified to request Dr. Roe's deposition within 100 miles of his home, it would be unduly burdensome to require Dr. Roe to hire a third-party to care for his wife during the midst of a pandemic that poses extreme risk to the elderly.

This motion is based on this Notice of Motion, supporting Memorandum of Points and Authorities, the Declaration of Dr. Robert L. Roe submitted herewith, and other such written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

DATED: September 14, 2020

Quinn Emanuel Urquhart & Sullivan, LLP

By: _____
Evan Boetticher

Attorney for Dr. Robert L. Roe

Case No. 20-mc-_____
DR. ROBERT L. ROE'S MOTION TO QUASH SUBPOENA